Mr. Justice Clayton
delivered the opinion of the Court.
This case turns exclusively upon certain technical exceptions to the proceedings in the Court below.
There was a plea in abatement to the writ, because it was not sealed, and then two other pleas in abatement because of a variance between the indorsement upon the writ and the declaration. The two latter pleas were demurred to, and the demurrer sustained. This was correctly done. The alleged variance was in the date of the note, it being stated in the indorsement as bearing date in 1842, and in the declaration, as in 1841. The statement of the date in the indorsement, was in itself surplusage, and a mistake in that respect would not vitiate. See Walker v. Tunstall, 3 How. 263.
The record gives no definite account of the fate of the first plea, but we are left to infer from the final judgment that the motion to strike out was sustained. This was erroneous. The writ was not *91 good without the seal of the Court, or a statement of the fact if there were no seal.
That there were subsequent pleas in abatement, constituted no waiver of the first plea. Had the latter been pleas in bar, it would have been different. A single plea in abatement should not contain distinct or double grounds; but we see no objection, under our statute, to two different pleas in abatement, if there be two different causes of abatement. We think the plea was good, and was improperly stricken out. For this reason, the judgment is reversed, and the cause remanded for further proceedings.